UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:13-CV-P75-M

FRANK LOMAR GAITHER                                                    PLAINTIFF

v.

RON HERRINGTON et al.                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frank Lomar Gaither, *pro se*, filed a 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff, who is incarcerated at the Henderson County Detention Center (HCDC), sues in their individual and official capacities the following employees of HCDC: Jailer Ron Herrington; Deputy Jailers Waters, Yates, and Parish; and an unknown officer in the control tower. He alleges that on May 11, 2013, he was taken to isolation because he was accused of saying that "a lady guard had some nice boobs." He states that he was only in that cell for a few minutes when Defendants Waters, Yates, and Parish took him out of the cell. Defendant Waters told him to look straight ahead and if he did not or if he said anything "he was gone tase the f**k out of me." Plaintiff states that he was taken to the far left side of the outside recreation yard where he was told to put his hands on the wall. At that point, Defendant Waters "got on his walkie talkie and stated is the camera off control booth." Plaintiff did not hear the response, but

he was slammed on the ground by Defendant Waters who then kicked him in the head while Defendants Parish and Yates had their knees in his back and on his legs.  He states that Defendant Waters got on the ground with him and slammed his head to the ground and "as he was doing so he was saying what did you say to her huh.  And I would tell him I said she looked nice today Sir and he'd say no you didn't why your lying."  Plaintiff also states that Defendant Waters called him "niggers and racial things of that nature."  He states that he was then left outside for 30-40 minutes and that it was cold and he did not have socks on and only had on shower shoes.  Later, the three Defendants took him back to his cell in isolation. Plaintiff states that a short while later, Defendant Waters took him back out of the cell into the hallway where he told Plaintiff that all of the guards at HCDC were like his brothers and sisters and "how would you feel if someone disrespected your mother or your sister or someone in your family."

Plaintiff states that he wrote several grievances.  He also states that when he was released back to the general population he told the officer who released him that he did not want to go back to "population and told him that I fear for my life here."  He states that on the same day he was told that the jailer was on vacation but as soon as he returned Plaintiff needed to talk to him. On May 16, 2013, Plaintiff spoke to the jailer about what had happened.  Plaintiff alleges that Defendant Herrington stated that if his officers were wrong they would be punished but if Plaintiff was lying he "would be in the hole for a long time."  Plaintiff states that Defendant Waters no longer works there.  As relief, he asks for $50,000 in punitive damages and to have Defendants Yates and Parish terminated.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Official-capacity claims*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of HCDC in their official capacities are actually brought against the Henderson County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Henderson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

*of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404

4

(1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, there are no allegations that the alleged constitutional violations resulted from a custom or policy of Henderson County. The incident alleged in the complaint appears to be a one-time occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). This impression is bolstered by Defendant Herrington's assurance to Plaintiff that if the officers were in the wrong they would be punished. Consequently, Plaintiff's claims against Defendants in their official capacities will be dismissed for failure to state a claim.

*Individual-capacity claims*

With regard to the individual-capacity claim against Defendant Herrington, Plaintiff does not allege that Defendant Herrington was present or had any first-hand knowledge of the alleged beating. In fact, it appears from the complaint that Defendant Herrington was on vacation at the time. The specific facts must explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). The complaint fails to do so with regard to Defendant Herrington.

And it is not enough that Defendant Herrington is the Chief Jailer. The doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.

At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant Herrington encouraged the incident or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, the individual-capacity claim under § 1983 against Defendant Herrington must be dismissed.

The Court will allow the individual-capacity excessive-force claims to go forward against Defendants Waters, Yates, Parish, and the unknown officer.

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claims against Defendant Herrington and against Defendants Waters, Yates, Parish and the unknown officer in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate Defendant Ron Herrington as a party to this action.

The Court will enter a Scheduling Order to govern the development of the remaining

6

claims, *i.e.*, the individual-capacity claims against Defendants Waters, Yates, Parish and the unknown officer for excessive force. In allowing those claims to go forward, the Court expresses no opinion on their ultimate merit.

Date: September 27, 2013

                                                **Joseph H. McKinley, Jr., Chief Judge**
                                                **United States District Court**

cc:      Plaintiff, *pro se*
           Defendants
           Henderson County Attorney
4414.009