# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**FRANK LOMAR GAITHER**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 4:13-CV-P75-M**

**RON HERRINGTON et al.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Frank Lomar Gaither, *pro se*, filed a 42 U.S.C. § 1983 complaint. On initial review, the Court allowed Plaintiff's individual-capacity claims against Defendants Waters, Yates, Parish, and an unknown officer for excessive force to go forward. Defendants Parish, Waters, and Yates have answered the complaint and filed a motion for summary judgment (DN 18). Although Plaintiff was given additional time to respond to the summary-judgment motion, he has not done so. On review of that motion, the Court will grant summary judgment for the following reasons.

## I.

Plaintiff's verified complaint contained the following allegations which were allowed to go forward against Henderson County Detention Center (HCDC) Deputy Jailers Waters, Yates, and Parish, and an unknown officer in the control tower in their individual capacities.[1] Plaintiff, who was incarcerated at HCDC at the pertinent time, alleged that on May 11, 2013, he was taken to isolation because he was accused of making a sexually explicit remark regarding "a lady guard." He stated that he was only in that cell for a few minutes when Defendants Waters, Yates, and Parish took him out of the cell. Defendant Waters told him to look straight ahead and

---

[1] On initial review, the Court dismissed Plaintiff's official-capacity claims and claims against Jailer Ron Herrington.

if he did not or if he said anything he was going to tase him. Plaintiff stated that he was taken to the far left side of the outside recreation yard where he was told to put his hands on the wall. At that point, Defendant Waters "got on his walkie talkie and stated is the camera off control booth." Plaintiff did not hear the response, but he was slammed on the ground by Defendant Waters who then kicked him in the head while Defendants Parish and Yates had their knees in his back and on his legs. Plaintiff alleged that Defendant Waters got on the ground with him and slammed his head to the ground and "as he was doing so he was saying what did you say to her huh. And I would tell him I said she looked nice today Sir and he'd say no you didn't why your lying." Plaintiff also stated that Defendant Waters called him "niggers and racial things of that nature." He stated that he was then left outside in the cold for 30-40 minutes wearing only shower shoes with no socks. Later, the three Defendants took him back to his cell in isolation. Plaintiff alleged that a short while later, Defendant Waters took him back out of the cell into the hallway where he told Plaintiff that all of the guards at HCDC were like his brothers and sisters and "how would you feel if someone disrespected your mother or your sister or someone in your family."

Plaintiff stated that he wrote several grievances. He also stated that when he was released back to the general population he told the officer who released him that he did not want to go back to "population and told him that I fear for my life here."

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence

2

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

Defendants argue in their motion that Plaintiff failed to exhaust his administrative remedies because he did not appeal the denial of his May 12, 2013, grievance regarding the incident. They further argue that Defendants did not use excessive force against Plaintiff. Instead, they argue, they used only the force necessary to maintain order and discipline. They

also assert that Plaintiff's "lack of injury dooms Gaither's version of the incident." They further assert that the force used against him was *de minimis* as he was "simply taken to the ground to restrain him and maintain order."

Attached to the motion is the affidavit of Leslie Gibson, Colonel with the HCDC. He avers that he spoke to Plaintiff shortly after the May 11, 2013, incident, at which time Plaintiff had no visible sign of injury and made no complaint of injury. He avers that Plaintiff's grievance about the incident was unfounded and that under the HCDC grievance and appeal policy, Plaintiff had to appeal to the Henderson County Judge Executive, but did not do so. He further avers that he verified with Leah Humphrey, who handles medical issues for HCDC, that Plaintiff made no request to see medical on or within days after May 11, 2013.

Attached as exhibits to Colonel Gibson's affidavit are the reports of the incident involving Plaintiff; his response to Plaintiff's grievance; and the HCDC grievance and appeal policy. Those four incident reports, which were filled out by Defendants Yates, Parish, and Waters and Deputy Misty Isaacs relay essentially the same facts. They detail that Plaintiff made inappropriate remarks to Deputy Isaacs, for which Plaintiff was escorted to cell 505 pending disciplinary action. Defendants Parish, Yates, and Waters went to the cell to discuss the matter with Plaintiff. They then took Plaintiff to the recreation area to discuss his actions and advised Plaintiff to place his hands on the wall so that a pat down could be performed. As Defendant Waters was performing the pat down, Plaintiff turned towards him in an aggressive manner. The incident report filed by Defendant Waters states that Defendant Waters:

> used the least amount of physical force necessary to place inmate Gaither on the ground. Once to the ground Deputy Parrish physically restrained inmate Gaither's legs and this writer physically restrained inmate Gaither to the ground holding his left arm and placed one hand

4

> across his back. Once inmate Gaither became compliant and non
> resistant [Waters] advised [Plaintff] to remain in outdoor recreation
> until he was ready to speak . . . without incident and could comply
> with the orders given.

After 20 minutes, Plaintiff had calmed down and was taken back inside. When asked if he needed medical attention, he stated that he did not. Defendant Yates made no physical contact with Plaintiff and was part of the incident only as backup for the other deputies.

Defendants also attach the affidavit of Defendant Parish, who avers that on May 11, 2013, Defendant Waters asked Defendants Parish and Yates to accompany him and Plaintiff to the recreation yard so Plaintiff could cool down after making lewd comments to Deputy Isaacs. Defendant Parish avers that while Plaintiff was being patted down by Defendant Waters, Plaintiff wheeled toward Defendant Waters as if to elbow him. "Deputy Waters took Gaither to the ground to control the situation. I held Gaither's legs to keep him from kicking Deputy Waters. Gaither agreed to become compliant and he was allowed to get back up . . . ." He further avers that no one physically abused, taunted, or made racial slurs against Plaintiff or asked that the camera to the recreation yard be turned off. He also avers that Plaintiff was not injured and that Defendant Yates did not touch Plaintiff.

The Court is permitted to dispose of a claim that is meritless without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Casanova v. Mich. Dep't of Corr.*, No. 10-13950, 2012 WL 4470637, at *6 n.4 (E.D. Mich. Aug. 31, 2012) ("The Court may also deny an unexhausted claim on the merits . . . in the context of a summary judgment motion[.]"). As such, the Court does not consider and expresses no opinion on whether Plaintiff properly exhausted his administrative remedies.

The Court therefore turns to the merits of Plaintiff's excessive-force claim. "Whether

5

Defendants' alleged conduct constituted excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "The amount of force reasonably necessary to control a particular situation is usually determined based on the facts of the situation itself, as demonstrated from the record." *Griffin v. Kyle*, No. 2:10-CV-664, 2012 WL 122360, at *5 (S.D. Ohio Jan. 17, 2012).

Statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.* Here, the verified complaint and Defendants' affidavits and exhibits offer competing versions of what happened. However, Defendants have offered two affidavits, four reports on the incident, and the response to Plaintiff's grievance, all of which refute Plaintiff's version of the events.

Here, all of the documents submitted by Defendants support their version of the events in which Plaintiff made an inappropriate remark to a guard, became agitated, and had to be forced to the ground, which Defendants accomplished with the least amount of physical force necessary to maintain control of the situation and without more than *de minimis* injury to Plaintiff. The

affidavits and other evidence demonstrate that Defendants Waters and Parish engaged in a good-faith effort to restore discipline and not to cause harm maliciously or sadistically and that Defendant Yates did not touch Plaintiff during the incident. Plaintiff has not refuted the evidence submitted by Defendants. *See Reist v. Orr*, No. 95-1128, 1995 WL 592041, at *3 (6th Cir. Oct. 5, 1995) ("Reist's self-serving statements do not sustain his burden of proof in light of the overwhelming evidence submitted by the defendants that minimal force was used to control an unruly prisoner."). Consequently, the Court finds that there is no genuine issue of material fact and Defendants are entitled to summary judgment in their favor.

### III.

For the foregoing reasons, Defendants' motion for summary judgment (DN 18) is **GRANTED**.

Date: May 27, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.009